Debtor(s):  **Cecile Marie Murray**  Case number: **19-80996**

United States Bankruptcy Court for the Western District of Louisiana: **ALEXANDRIA DIVISION**

# Chapter 13 Plan - Western District of Louisiana

☐ Check here if this is a modified plan.  
☐ Check here if this is an amended plan.  
List below sections of the plan that have been changed.

Reason for Amendment/Modification.

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | This Plan sets out Nonstandard Provisions in Part 9. | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☑ Included | ☐ Not included |

Debtor(s): **Cecile Marie Murray**  Case number: **19-80996**

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments for a total of **60** months to the trustee as follows:

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.**

　　**$415.00** per **month** for **60** months

☐ **Modified Plans.** _____ has been paid in for the first _____ months; then $_____ per _____ for _____ months

**Check one:** The applicable commitment period is: 36 months (Below Median Income) ☑
60 months (Above Median Income) ☐

**2.2** Regular payments to the trustee will be made from future income in the following manner:

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

**See Part 9**

**2.3** Additional payments. (In addition to 2.1 above)

*Check one:*

☐ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

☑ Debtor(s) pledge fifty (50) percent (or until all allowed unsecured claims are paid in full) of the net recovery from all causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after a notice and a hearing. In all cases in which the debtor has acquired/acquires a pre-petition or post-petition cause of action, the employment and compensation of special counsel, and the compromise of any claim, shall be approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 327-329, and the filing of such pleading shall be noticed on all parties.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, including the sale of property, as specified below. Describe the source, amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of PRINCIPAL RESIDENCE under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default OTHER THAN Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.
*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Debtor(s): **Cecile Marie Murray**  Case number: **19-80996**

*The remainder of this paragraph will be effective ONLY if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed "Amount of Secured Claim". For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed "Amount of Secured Claim" will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor / Collateral Description | Estimated Amount of Creditor's Total Claim | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|
| **Cash Cow** **2002 GMC Sierra** | **$1,208.90** | **$1,000.00** | **$1,000.00** | **6.50%** | Pro-Rata |

3.3  Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. § 1325(a) - 910 day Car Claim or 365 day Personal Property)

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked. (1.6)*

☑ The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor / Collateral Description | Amount of Claim | Interest Rate | Estimated avg. monthly plan payment |
|---|---|---|---|
| **Dept Of Corrections** **2012 Nissan Maxima** | **$14,575.10** | **6.50%** | Pro-Rata |

Debtor(s): **Cecile Marie Murray**   Case number: **19-80996**

### 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without postpetition interest.

### 4.2 Administrative fees

Counsel elects the standing order "no look" fee.   Yes ☑   No ☐

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of **$3,600.00** of which **$3,598.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of **$0.00** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

### 4.3 Priority claims other than attorney's fees and those treated in § 4.4.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:

Domestic Support Obligations prepetition arrears other than those provided in 4.4 below shall be disbursed by the Trustee.

| Claimant | Nature of Claim | Amount |
|---|---|---|
| | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| L. Laramie Henry | Costs for Noticing the Plan | $250.00 |

### 4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Revised 11/20/2017   Chapter 13 Plan   Page 4
19-80996 - #5  File 10/28/19  Enter 10/28/19 07:52:56  Main Document  Pg 4 of 7

Debtor(s): **Cecile Marie Murray**   Case number: **19-80996**

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of **$35,007.31**, it is anticipated unsecured creditors will be paid approximately **$285.93**, which is approximately **0.82** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than **$0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

**Debtor(s) shall pay adequate protection payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.**

| Creditor | Adequate Protection Payment |
|---|---|
| **Cash Cow** | $12.08 |
| **Dept Of Corrections** | $150.00 |

**8.2 Changed Circumstances.**
**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

Debtor(s): **Cecile Marie Murray**  Case number: **19-80996**

## Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Chapter 13 Plan Form for the Western District of Louisiana or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.1.

**FEES**
**In Section 4.2, $600 of the requested fee shall be paid during the last six plan payments of the Chapter 13 plan pursuant to the Standing Order Regarding 'No-Look' Fees in Chapter 13 Cases.**

**CANCELATION OF JUDGMENTS**
**Upon entry of a discharge in this case, every creditor whose claim is subject to discharge shall release and cancel from the public records any judgment, lien, writ, notice of seizure or encumbrance over property of the Debtor or estate which was created by virtue of an action to collect the claim.**

**TAX PLEDGE**
**Income Tax Returns & Refunds:**

**Complete and signed copies of All State and Federal Tax Returns filed during the term of this plan shall be provided by the Debtor(s) to their attorney each year within 21 days of the returns being filed with the taxing authority. Debtor's attorney shall promptly, upon receipt from Debtor(s), transmit the Tax Returns to the Trustee. Debtor's attorney shall also transmit, with these tax returns, a Certification of Tax Return and Refund/Payment Due signed by the Debtor(s) (on the prescribed form). Debtor(s) who are not required to file income tax returns must also file the Certification, which shall state the debtor(s) were not required to file income tax return(s) and did not file income tax return(s). The certification of no filing shall be due no later than April 15 each year. If the Debtor has obtained an extension, evidence of the extension must be provided to the Chapter 13 Trustee.**

**The Federal Tax Refund Pledge shall be without prejudice to the Debtor(s) to seek Court approval to use said refund and the Debtor(s) may file a Motion to Use Tax Refund no later than May 31st (or October 31, if an extension has been obtained) each year to request use of some or all of the refund for reasonable and necessary expenses.**

**All State Income Tax Refunds received during the term of this plan shall be paid directly to the trustee as additional plan payments. All Federal Income Tax Refunds received during the term of this plan shall be paid to the trustee as additional plan payments within 21 days of receipt. Should the Debtor(s) be entitled to retain from the refund any exempt funds (eg. earned income credit, child tax credit) said amounts shall be itemized on the prescribed Certification form and Debtor(s) shall retain the exempt amount and transmit only the excess balance to the Trustee. However, Debtor(s) must transmit the required tax returns and Certification in order to retain the funds, without prejudice to any party to seek turnover of the funds should the Certification be found to be incorrect.**

**All Tax Refund Payments shall be sent to the trustee's payment address within 21 days of receipt and shall be clearly labeled as a Tax Refund Payment.**

**Failure to Comply. For any failure to comply with this provision, the Trustee shall file Motions for Turnover of returns, funds or other relief, which may result in conversion or dismissal of the case or the denial of the request for entry of discharge for failure to complete all payments under the plan under 11 U.S.C. § 1328(a).**

**NO PLEDGE OF EXEMPT ASSETS**
**Section 2.3 is amended to reflect that debtor does not pledge the net recovery of any claim or cause of action for which an exemption has been claimed, unless otherwise ordered by the Court after a notice and a hearing. Any conflict between Section 2.3 and this Part 9 provision shall be resolved in favor of this Part 9 Provision.**

Debtor(s): **Cecile Marie Murray**  Case number: **19-80996**

## Part 10: Signatures

**/s/ L. Laramie Henry**  Date: **10/25/2019**
Signature of Attorney for Debtor(s)

Date:
Debtor

Date:
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtors(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**